UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **RICKEY NELSON JONES** * | |
| **3043 Shoreline Boulevard** * | |
| **Laurel, Maryland 20724** * | |
| * | |
| **Plaintiff,** * | |
| * | |
| v. * | Civil Case No.:_____ |
| * | |
| **ADMINISTRATIVE OFFICE OF** * | |
| **THE COURTS, MARYLAND** * | |
| **JUDICIARY** * | |
| Serve On:   Michele McDonald * | |
|             Asst. Attorney General * | |
|             Chief Counsel, Courts * | |
|             & Judicial Affairs Div. * | |
|             Office of the Attorney * | |
|                General * | |
|             200 St. Paul Place, * | |
|                20th Floor * | |
|             Baltimore, MD 21202 * | |
| * | |
| **Defendant.** * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT**
Discrimination: 42 U.S.C. Section 2000e

JURISDICTION

      1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331.

PARTIES

      2. Plaintiff, Rickey Nelson Jones, is a United States citizen who is a licensed attorney in the State of Maryland, practicing both state and federal law over a period in excess of two decades.

3. Defendant is the Administrative Office of the Courts of the Maryland Judiciary, responsible for overseeing the state's process of lawfully selecting judicial applicants for recommendation to the Governor for vacancies on the bench.

PROCEDURE

4. In 2014, Plaintiff was interviewed several times for judicial vacancies in the State of Maryland and not recommended to the Governor, with the last occurring in December 2014.

5. A formal United States Equal Employment Opportunity Commission ("EEOC") Complaint was filed in January 2015 against the Administrative Office of the Courts on the basis of race discrimination.

6. In May 2015, the EEOC transferred the formal complaint to the Maryland Commission of Civil Rights ("MCCR") for the purpose of investigating the charges.

7. On June 15, 2015 (one month later), MCCR administratively closed Plaintiff's Complaint without [i] requesting or securing an interview with Plaintiff, [ii] requesting or securing documentation from Plaintiff, or [iii] requesting or securing oral or documentary information from witnesses referenced in the Complaint.

8. On June 19, 2015, Plaintiff formally notified EEOC of MCCR's failure to investigate his Complaint as directed by EEOC's May 5, 2015 letter.

9. On August 8, 2015, Plaintiff received formal notice from EEOC closing its file, dismissing the Complaint, and issuing Notice of Rights.

FACTS

10. On December 8, 2014, Plaintiff sat for an interview before the Trial Courts Judicial Nominating Commission for Commission District 7. The Commission operates in the Administrative Office of the Courts under the Maryland Judiciary Branch of Government.

11. There were two vacancies on the Anne Arundel County Circuit Court.

12. The Anne Arundel County Circuit Court has no African-American Judges presently on the bench, has not had any in the last decade, and has only had two in its 365-year history of existence.

13. There is an African-American population in Anne Arundel County of 16%, an Asian-American population of 4%, and a Hispanic-American population of 7%. Over one fourth of the Anne Arundel County Population is minority and support the court system but are not represented thereon accordingly.

14. During Plaintiff's interview on December 8, 2014, he noticed that an African-American Commission Member was not present (who he had seen in his previous interview earlier in the year).

15. Since judicial applicants are recommended to the Governor based on number of votes from the Commission Members, the absence concerned Plaintiff.

16. Plaintiff later learned that the African-American Commission Member was "removed" from the panel due to her familiarity with one of the African-American Applicants. However, that applicant was not the Plaintiff.

17. The removal inequitably eliminated a potentially determinative vote from Plaintiff along racial lines, and regardless of voting, it was unlawfully exclusionary based on the race of Plaintiff and the excluded Commission member.  Such exclusion constituted a limitation on Plaintiff as an applicant for employment, tending to deprive him of an employment opportunity.

18. The Administrative Office of the Courts provides administrative services for the Maryland Judiciary.  Since the judicial power of the State of Maryland is vested in the Court of Appeals and such other courts (appellate, circuit, district, etc.) created by the General Assembly, the policy of the State governs and "assures all persons equal opportunities in receiving employment…regardless of race." Maryland Annotated Code, State Government Article, Section 20-602.   Moreover, the Constitution of Maryland, Declaration of Rights, Article 44, subjects the State to the Constitution of the United States.

19. After being notified of non-recommendation to the Governor, Plaintiff was contacted by other African-American Applicants who possessed over 20 years of legal experience (like him) and informed of their non-selection.  They also had grave concerns about the process since they had been excluded multiple times from recommendation to the Governor also.

20. Plaintiff's law office commenced an investigation and discovered shocking details about the Caucasians recommended to, and selected by, the Governor for the judicial vacancies.

21. The first appointee[1] was a House of Delegates member at the time of selection and only had about 2 years of experience in private legal practice and 18 years under the guidance of others in a law firm. The second[2] had 12 years of experience under the guidance of others in Baltimore City State's Attorney's office and a law firm, and approximately two decades in private legal practice confined to personal and business services.

22. Plaintiff's varied legal experience is the distinguishing factor from the appointees that makes his exclusion by a Commission that made race a factor unjustifiable and unlawful. For over two decades Plaintiff has practiced civil law, criminal law, administrative law, and appellate law in his own multi-state law office; he has represented people in both state and federal court; he has represented people in states other than Maryland (e.g., New York, New Jersey, Ohio, Louisiana, etc.); he has done administrative federal law (Civil Rights and Immigration); he has been published multiple times by multiple bar associations; he has served as both an organizer of CLEs and a panelist for CLEs; he has tried cases before both juries and judges in federal and state court, and he is licensed in eight different courts, including the United States Supreme Court. Finally, Plaintiff is a Pastor of a church and has served the public extensively by organizing and participating in efforts to support the homeless and meet the needs of the less fortunate.

23. When race "entered" the Commission's thinking, subjectivity dominated and led to them unlawfully limiting Plaintiff and his rich and varied legal experience

---

[1] Ms. Cathy Vitale

in order to select Caucasians without such.  Hence, the candidate pool submitted to the Governor became tainted, and the candidates from which the Governor selected failed to satisfy the "Revised Administrative Order" of Judge Mary Ellen Barbera (Chief Judge of the Court of Appeals of Maryland) to nominate the individuals "legally and most fully professionally qualified." (Section 5[e] of Order)

24. The discriminatory impact here rests in the fact that Plaintiff is another of many African-American/minority Candidates unlawfully excluded from the circuit court in Anne Arundel County, resulting in a 365-year success rate of exclusion "not far from" 100%.

**WHEREFORE,** Plaintiff respectfully requests that

[A]  the process undertaken by the 2014 Trial Courts Judicial Nominating Commission for Commission District 7, on behalf of the State of Maryland, be deemed discriminatory,

[B]  the recommendations submitted to the Governor for the judicial vacancies in late 2014 be deemed invalid,

[C]  the appointments made by the Governor based on those recommendations be invalidated,

[D]  the exclusion of Plaintiff as a recommended applicant to the Governor be reversed,

[E]   the Trial Court Judicial Nominating Commission for Commission District 7 be

---

[2] Mr. Glenn Klavans

{i} revamped/changed to reflect the county's diversity for which is operates, {ii} prohibited from excluding members on the basis of race unjustifiably, {iii} required to consider diversity of legal experience as a key factor, {iv} required to document the weight given to each factor considered in evaluating applicants, {v} mandated to make the basis for its decision(s) public information, and {vi} mandated to submit to judicial and public oversight of the entire process of evaluating candidates and its results (i.e., an oversight panel of judicial and public members representative of the county[ies] for which it serves), and

[F]   Plaintiff be compensated in the amount of $154,000.00,[3] and

[G]   such other and further relief as the court deems proper.

*I solemnly affirm under the penalty of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information, and belief.*

    /s/   *Rickey Nelson Jones*
Rickey Nelson Jones


Respectfully submitted,
  /s/   *Rickey Nelson Jones*
Rickey Nelson Jones
Law Offices of Reverend Rickey
   Nelson Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue

---

[3] After Plaintiff contacted his representatives in the MD House of Delegates, the U.S. House of Representatives, and the U.S. Senate, grave concerns were expressed. After Governor O'Malley was contacted by a concerned representative, he forwarded a letter dated 12/20/14 expressing his record, desire, and preference for diversity on the bench in Maryland, reflecting the strong likelihood of Plaintiff being selected IF he had been recommended by the Commission. The salary for the position is about $154,000.

        Baltimore, Maryland 21217
        410-462-5800
        Bar #: 12088

        *Attorney for Plaintiff*