IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| RICKEY NELSON JONES, | * | |
| *Plaintiff* | * | |
| v. | * | Civil Action No. 1:15-cv-3336 CCB |
| ADMINISTRATIVE OFFICE OF THE COURTS, MD JUDICIARY, | * | |
| | * | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT,
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT, AND
DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT**

BRIAN E. FROSH
Attorney General of Maryland
MICHELE J. MCDONALD
Federal Bar No. 23603
Assistant Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576–6576 (telephone)
(410) 576–6393 (facsimile)
mmcdonald@oag.state.md.us

Dated:  February 15, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

RICKEY NELSON JONES,          *

     *Plaintiff*             *

     v.                  *     Civil Action No. 1:15-cv-3336 CCB

ADMINISTRATIVE OFFICE OF    *
THE COURTS, MD JUDICIARY,

                            *

     *Defendant*           *

*    *    *    *    *    *    *    *    *    *    *    *    *    *

## INTRODUCTION

Plaintiff, Rickey Nelson Jones, brought suit against the Administrative Office of the Courts ("AOC") alleging race discrimination under 42 U.S.C. § 2000e.  (ECF No. 1.)  The complaint arises out of the actions of the Judicial Nominating Commission for District 7 (Anne Arundel) in recommending other candidates, and not Mr. Jones, to the Governor for appointment to a circuit court judicial vacancy.  *Id.*  The decision to make a judicial appointment rests exclusively with the Governor.  Md. Const. Art. IV, § 5.

Defendant moved to dismiss the complaint arguing that:  (1) state circuit court judges are excluded from the protections of Title VII by virtue of their appointment to a policymaking level position and ultimate election to the bench for a term of 15 years; and (2) the Defendant, the Administrative Office of the Courts ("AOC"), is neither the employer of a circuit court judge (the position to which Mr. Jones aspired) nor authorized to exercise any substantive control over the recommendations of the Judicial Nominating Commission.  (ECF No. 8-1.)

Mr. Jones now requests leave to amend his complaint to add a new defendant, "the Court of Appeals c/o Chief Judge Mary Ellen Barbera."[1]  (ECF No. 11-2, at 1-2.)  The Court should deny this relief because, contrary to Plaintiff's assertions, the motion for leave to file an amended complaint is futile.[2]

Mr. Jones also opposed Defendant's motion to dismiss and cross-filed for summary judgment.  Defendant's motion should be granted as Mr. Jones does not, as he cannot, offer any basis upon which any of the named or proposed defendants can be liable under Title VII.  Indeed, the position for which Mr. Jones applied – circuit court judge – is not protected by Title VII and, therefore, no claim can be stated under this statute.  Accordingly, the complaint should be dismissed and Plaintiff's cross-motion for summary judgment denied.

## ARGUMENT

### I.   DENIAL OF THE MOTION TO FILE AMENDED COMPLAINT IS REQUIRED WHERE AMENDMENT WOULD BE PREJUDICIAL, FUTILE, OR MADE IN BAD FAITH.

Rule 15(a) directs that a plaintiff may amend his or her complaint "once as a matter of course within…21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier."  After such time has passed or if subsequent amendments are made, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

---

[1] Mr. Jones has not, however, filed a memorandum in support of his motion to amend.  ECF No. 11.

[2] Defendant hereby incorporates the arguments advanced in its motion to dismiss and accompanying memorandum (ECF No. 8-1) and the exhibits submitted in support thereof.

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint should be freely given "when justice so requires."  On the other hand, "denial of leave to amend is appropriate when (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would [be] futile." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citation and internal quotation marks omitted); *see also Matrix Capital Mgmt. Fund, LP* v. *BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009); *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).  An amendment is futile if it would fail to withstand a motion to dismiss. *Perkins* v. *United States,* 55 F.3d 910, 917 (4th Cir. 1995).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)).

## II.   BECAUSE MR. JONES CANNOT MAKE A THRESHOLD SHOWING THAT MARYLAND CIRCUIT COURT JUDGES ARE COVERED EMPLOYEES WITHIN THE MEANING OF TITLE VII, AMENDMENT IS FUTILE AND DEFENDANT IS ENTITLED TO DISMISSAL OR JUDGMENT IN ITS FAVOR.

Mr. Jones does not, as he cannot, offer any argument in response to Defendant's assertion that he is "not protected under Title VII" because the state circuit court judge position for which he applied "fit[s] within the statute's exclusion" from the definition of "employee." *Cromer v. Brown,* 88 F.3d 1315, 1317 (4th Cir. 1996).  (ECF No. 14.)  That is, the position of state circuit court judge is exempted from the protections of Title VII. *See e.g., Birch v. Cuyahoga Cty. Prob. Court*, 392 F.3d 151, 160 (6th Cir. 2004) (probate court magistrate, who was not subject to local civil service laws, made policy by resolving

3

disputes and recommending dispositions and was, therefore, exempt from protections of Title VII as an employee at a policy making level); *Burgess v. City of Lake City*, No. 4:11-CV-03478-RBH, 2013 WL 4056315, at *7 (D.S.C. Aug. 12, 2013) (municipal court judge fell within policy-making exception to Title VII and the FLSA); *Spann–Wilder v. City of North Charleston*, No. 2:08–0156–MBS, 2010 WL 3222235, at *6-7 (D.S.C. Aug. 13, 2010) (municipal court judge within policy-making exception to Title VII and EPA) and 71 Md. Op. Att'y Gen. 181 (1986) (noting that because circuit court judges are "required to stand for election promptly after their appointment—generally, at the first election occurring more than a year after the vacancy" --  all circuit court judges, are "elected to public office"). (ECF No. 8-1 at 8-12.)

Mr. Jones argues that "Defendant has presented itself as {a} state court judges and {b} an office without authority or control over anything of substance" and that such representations "overlook who is the true Defendant in this case." (ECF No. 14, p. 1.)  Mr. Jones' proposed amended complaint does little to clarify the identity of the "true Defendant" alluded to here and his opposition simply fails to address the threshold issue of the applicability of Title VII to circuit court judicial positions.  *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

Because Mr. Jones has not responded to this threshold argument, he has conceded it.  *See McKeel v. United States*, 178 F. Supp. 2d 493, 504 (D. Md. 2001) ("Plaintiff appears to concede this point, as he has failed to respond to the government's argument on this point."); *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 440 (D.

4

Md. 2001) ("Plaintiffs appear to concede this point, as they have failed to respond to this argument."). *See also Brand v. North Carolina Dept. of Crime Control and Public Safety,* 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (where a plaintiff fails to respond to a defendant's arguments regarding a hostile work environment claim, plaintiff concedes he has not stated a claim).

Thus, as explained in Defendant's motion to dismiss, and as the EEOC already determined, the judicial position sought by Mr. Jones is exempt from the protections of Title VII.[3]   (ECF No. 8-4, Attachment C ("The EEOC does not maintain jurisdiction over the charge because the position to which charging party applied is exempt from Title VII protection."))   Accordingly, Mr. Jones cannot state a claim for race discrimination under Title VII and his complaint must be dismissed.

## III.   AMENDMENT IS FUTILE WHERE PLAINTIFF SEEKS TO ADD AN ENTITY NOT NAMED IN THE EEOC/MCCR CHARGE.

Given that the judicial position is exempted from the protections of Title VII, is it largely irrelevant which defendant is named in the complaint.  Plaintiff nonetheless seeks to amend his complaint to add the "Court of Appeals c/o Chief Judge Mary Ellen Barbera." In his motion to amend, Mr. Jones asserts only that "[b]ecause the judicial power of the State of Maryland rests in the Court of Appeals, it is necessary to add this defendant to eliminate any and all uncertainty."  (ECF No. 11, p. 1; ECF No. 11-2, ¶ 3.)  Far from

---

[3] Mr. Jones' citation to the Maryland Fair Employment Practices Act (FEPA) is unavailing because Maryland law contains the same exemptions from coverage as Title VII -- persons elected to public office and appointees on a policy making level.  Md. Code Ann., State Gov't § 20-601(c)(2)(i) and (iii).  (ECF No. 14, at 4.)

illuminating how the "Court of Appeals c/o Chief Judge Mary Ellen Barbera" is Mr. Jones'

prospective employer, a proper respondent in a Title VII case, or that the Court exercised

any authority or control over the recommendations of the Judicial Nominating Commission

or the appointment decisions of the Governor, Mr. Jones' motion and proposed amended

complaint fail to provide *any* basis for making the Court of Appeals a defendant in his Title

VII race discrimination suit. Thus, where Plaintiff's amendment would not withstand a

motion to dismiss, the amendment is futile and should be denied. *Perkins* v. *United States,*

55 F.3d 910, 917 (4th Cir. 1995).

A Title VII action "may be brought only against the respondent named in the

charge." *Causey v. Balog,* 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e–

5(f)(1)); *see also Talbot v. U.S. Foodservice, Inc.,* 204 F.Supp.2d 881, 883 (D.Md. 2002).

The purpose of this requirement is two-fold.  "First, it notifies the charged party of the

asserted violation. Secondly, it brings the charged party before the EEOC and permits

effectuation of the Act's primary goal, the securing of voluntary compliance with the law."

*Johnson v. State of Md.*, 940 F. Supp. 873, 876 (D. Md. 1996) *aff'd,* 113 F.3d 1232 (4th

Cir. 1997) (quoting *Alvarado v. Board of Trustees of Montgomery Community College,*

848 F.2d 457, 458–59 (4th Cir. 1988)).

It is beyond dispute that the only respondent identified in Mr. Jones' EEOC/MCCR

charge is the Administrative Office of the Courts and not the Court of Appeals or the

Maryland Judiciary.[4] (ECF No. 8-4, attachment A.)  (ECF No. 11-2, ¶ 5.)  Thus, the

---

[4] Although this Court need not decide this issue, the "Maryland Judiciary" is not a separate
legal entity capable of being sued and was not sued as a separate legal entity here. *See*

MCCR's June 2, 2015 closing of his complaint was based on its finding that Mr. Jones had

"no established employee/employer relationship [with the Administrative Office of the

Courts, the entity identified in the charge]."  (ECF No. 8-4, attachment B.)  Mr. Jones may

not now amend his complaint to add as a defendant an entity that was not identified as a

respondent in the charge.  *See also* ECF 8-2, ¶ 6.  *See also Demery v. McHugh*, No. PWG-

13-2389, 2014 WL 4452672, at *7 (D. Md. Sept. 9, 2014) (denying motion to amend as

futile where plaintiff failed to name proposed defendant in her EEO charge).

---

generally *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 393 (4th Cir. 2014), *cert. denied sub nom.*, *Baltimore City Police Dep't v. Owens*, 135 S. Ct. 1893 (2015) (holding that the "'Baltimore City State's Attorney's Office' is a term of convenience" referring to "the collection of government employees who work under the supervision of the Baltimore City State's Attorney" and is not "an entity amenable to suit"); *Bost v. Office of the State's Atty.*, 2012 U.S. Dist. LEXIS 143133, 4-5 (D. Md. Oct. 1, 2012) (dismissing "Office of the State's Attorney" because "[u]nder Maryland law, the Office of the State's Attorney is not a separate legal entity subject to suit"); *Kronk v. Carroll County*, 2012 U.S. Dist. LEXIS 8611 (D. Md. Jan. 25, 2012) (dismissing Sheriff's Department because the Sheriff's Department is not a distinct legal entity capable of being sued).  Capacity to sue or be sued is determined in accordance with the laws of the state under which the entity is organized. Fed. R. Civ. P. 17(b).

Here, the judicial power of the State of Maryland is vested in the Court of Appeals, sitting at the apex of the judicial system, which includes an intermediate appellate court, circuit courts, orphans' courts, and a district court.  Md. Const. Art. IV, § 1, § 14.  However, no provision in the Constitution or state statutes creates or recognizes an entity entitled the "Maryland Judiciary."  At most, the term "Judiciary" is used colloquially throughout the state as shorthand for the judicial branch or judicial system.   Such colloquial use, however, does not create a distinct legal entity capable of being sued.  Thus, just as the Fourth Circuit found that the Office of the State's Attorney was a "term of convenience" referring to the persons who worked under the supervision of the State's Attorney, the "Judiciary" is a colloquial term used throughout the state courts, and supporting agencies. Such use, however, does not imbue the term with a separate and distinct legal identity as required to be a suable entity.  *See Owens*, 767 F.3d at 393.

Moreover, the AOC and the Court of Appeals are two distinct legal entities and the roles performed by the AOC and the Court of Appeals, both in general and with respect to the judicial nominating process, do not permit any inference that the two are functionally identical. *See Alvarado,* 848 F.2d at 460. The judicial power of the State of Maryland is vested in the Court of Appeals, sitting at the apex of the judicial system.  Md. Const. Art. IV, § 1, § 14.  The Court of Appeals is the highest court of the state and has exclusive appellate jurisdiction over certified questions of law, and discretionary jurisdiction controlled by the issuance of writs of certiorari. Md. Code Ann., Cts. & Jud. Proc. §§ 1-301, 12-201, 12-307.  The Court of Appeals is authorized and empowered by the Maryland Constitution to perform judicial functions and exercises judicial authority.

The Administrative Office of the Courts, on the other hand, is a statutorily created entity managed by the State Court Administrator. *See* Md. Code Ann., Cts. & Jud. Proc. § 13-101(d) (duties of State Court Administrator) and (e) (duties of Administrative Office of the Courts).  Pursuant to Chief Judge Bell's administrative order, the AOC is responsible for the administrative processing of judicial vacancies.  (ECF No. 8-3.)  As delineated in Defendant's motion, none of those responsibilities include any authority over the selection of the members of the Judicial Nominating Commission, or the recommendations of the nominating commission. (ECF No. 8-1, at pp. 4-5.)  The AOC does not evaluate, screen, interview, or recommend candidates to the Governor for appointment to the bench.

The Court of Appeals' involvement in the judicial nominating process is even more attenuated.  The Court itself performs no function with respect to the judicial selection process under the Governor's Executive order (ECF No. 8-2) or the Chief Judge's

administrative order (ECF No. 8-3) and indeed the proposed amended complaint contains no such allegations.  (ECF No. 11-2.)  The Court does not determine who sits on the nominating commission, nor does it evaluate, screen, interview, or recommend candidates to the Governor for appointment to the bench.  (ECF No. 8-2, 3.)  Moreover, the Governor may appoint a judge from the list of names provided by a Judicial  Nominating Commission but is not obligated to do so.  Md. Const. Art. IV, § 5.

Here, because Mr. Jones failed to name the proposed defendant in his EEOC charge, he has failed to exhaust his administrative remedies, and may not amend his complaint to add this defendant.

## IV. PLAINTIFF FAILS TO ALLEGE ANY FACTUAL BASIS FOR MAKING THE COURT OF APPEALS A DEFENDANT OR ANY CONDUCT OR ACTION OF THE COURT THAT COULD SUBJECT THE COURT TO LIABILITY.

In his proposed amended complaint, the sole statement made concerning the Court of Appeals is that "the Court of Appeals of Maryland c/o that court's chief judge, in which the judicial power of the State of Maryland rests [is a defendant]." (ECF No. 8-2, ¶ 3.)  The proposed amended complaint contains no factual allegations identifying any conduct or action of the Court of Appeals upon which the Court could be found amenable to suit much less liable under Title VII.  Indeed, Mr. Jones does not allege a prospective employment relationship with the Court of Appeals, nor does he allege that the Court had any authority over the Nominating Commission's recommendations or, ultimately, the Governor's selection of judicial candidates, or that the Court or any of its members took any action upon which liability can be based.  (ECF 11-2.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). It is *not* sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted).

Here, Mr. Jones has failed to identify *any* conduct of the AOC or the Court of Appeals that could form a basis for imposing liability under Title VII – the complaint fails to allege any prospective employment relationship with these two defendants, and further fails to allege that either defendant exercised any control over the recommendations of the Judicial Nominating Commission or the appointment decisions of the governor.

To the extent that Plaintiff seems to be arguing that the AOC, the Court of Appeals, the Maryland Judiciary and the State of Maryland are all a single Defendant, such argument necessarily fails. First, the State of Maryland was neither identified as a respondent in the EEOC charge nor named as a defendant in this suit. *See also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Second, the Maryland Judiciary is not a distinct legal entity capable of being sued. *See supra*, p. 7 and note 4. Third, a Title VII claim may only be brought against an employer and the complaint

contains no factual allegations concerning any prospective employment relationship between Mr. Jones and the AOC or the Court of Appeals.

While the Court of Appeals may employ staff, the Court itself is not the employer of state circuit court judges.  *See* Md. Code Ann., Cts. & Jud. Proc. §§ 2-401 and 2-402 (appellate court shall appoint a clerk who may employ deputy clerks and other employees, and court may appoint law clerks, stenographers, and other employees). Likewise, although the AOC may employ staff through the State Court Administrator, it is not the employer of state circuit court judges.  *See* Md. Code Ann., Cts. & Jud. Proc. § 13-101(b) (State Court Administrator may appoint employees necessary to carry out her duties).

Under Title VII, it is "an unlawful employment practice for 'an employer' to discriminate against 'an employee' because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2015); *see Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) (stating that only an "employee" may sue under Title VII).  Here, neither the AOC nor the Court of Appeals was Mr. Jones' prospective employer.  Moreover, the complaint contains no factual allegations establishing any prospective employment relationship between Mr. Jones and the AOC or the Court of Appeals.  Nor does it identify any conduct by these purported defendants that could result in liability under Title VII.

Where, as here, Plaintiff has failed to demonstrate that his prospective employment is covered by Title VII, the suit must be dismissed.  Even if this Court were to permit the Title VII claim to go forward, Defendant would be entitled to discovery on the issues and claims raised in Plaintiff's complaint.  Plaintiff's cross-motion for summary judgment must be denied because Plaintiff has not stated a Title VII claim for which relief may be granted,

11

and because Defendant would need discovery to explore and address Plaintiff's allegations. Moreover, Plaintiff has not alleged, much less demonstrated, that there is no genuine dispute of material fact at issue in this case or that he is entitled to judgment as a matter of law on his disparate impact and disparate treatment claims. Fed. R. Civ. P.  56(a).  At a minimum, the exhibits offered by Plaintiff fail to support his broad assertions.   For example, Exhibit C purports to be a list of names of Anne Arundel County Circuit Court judges.  (ECF No. 14, at 9.)  The document is neither authenticated nor does it support the proposition for which it is cited – that Judge Warren was the only other African American circuit court judge appointed to the bench as the list contains no information regarding sex or race.[5]  *Id*.  Moreover, no evidence or affidavits have been offered in support of or explaining the statistics cited in Plaintiff's memorandum.  *Id*.  Further, Plaintiff's own affidavits do not substantiate his asserted legal experience.  *Compare* Ex. G (ECF 14-2) and representation of experience at ECF 14, p. 13. Plaintiff fails to meet his burden of demonstrating that he is entitled to summary judgment as a matter of law.

---

[5] Although Plaintiff's memorandum does not identify the other African American Judge, the Court may take judicial notice that the Honorable Clayton Green, Jr. served on the circuit court as an associate judge, and then as both County and Circuit Administrative Judge until 2002, when he was elevated to the Court of Special Appeals representing the 5th Appellate Judicial Circuit (Anne Arundel, Charles, Calvert, & St. Mary's Counties).  In 2004, he was elevated to the Court of Appeals representing the same judicial circuit. *See* http://msa.maryland.gov/msa/mdmanual/29ap/html/msa12365.html (last checked February 12, 2016)

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion to amend as futile, deny Plaintiff's cross-motion for summary judgment, and dismiss the complaint with prejudice.  Alternatively, the Court should grant judgment in favor of Defendant.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_____/s/_____
MICHELE J. McDONALD
Assistant Attorney General
Federal Bar No. 23603
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576–6576  (telephone)
(410) 676–6393  (facsimile)
mmcdonald@oag.state.md.us

*Attorneys for Defendant*

Dated:  February 15, 2016

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of February, 2016 a copy of the foregoing Opposition To Plaintiff's Motion To Amend Complaint, Defendant's Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgement, And Defendant's Opposition To Plaintiff's Cross-Motion For Summary Judgment was served by electronic means via the Court's Case Management/Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice**:**

    Rickey Nelson Jones
    Law Offices of Reverend Rickey Nelson Jones
    3rd floor – Suite 5
    1701 Madison Avenue
    Baltimore, MD 21217

       *Plaintiff*


                                        _____/s/_____
                                        Michele J. McDonald
                                        Assistant Attorney General