UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICKEY NELSON JONES** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 15-CV-3336 CCB |
| | * | |
| **ADMINISTRATIVE OFFICE OF** | * | |
| **THE COURTS, MARYLAND** | * | |
| **JUDICIARY** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND & FOR SUMMARY JUDGMENT

Plaintiff, Rickey Nelson Jones, through undersigned counsel, pursuant to Fed. R. Civ. Proc., Rule 12, replies to Defendant's opposition.  As grounds therefor, he corrects Defendant's recitation of facts and law as follows:

Correction of Facts

<u>Defendant Seeks To Revive Its Original Argument After</u>

<u>The Maryland Constitution Has Already Caused Its Demise</u>

<u>And Such Demise Cannot Be Resuscitated With Inapplicable</u>

<u>Cases About Plaintiff Not Being Protected By Title VII</u>

    1.    As stated in Plaintiff's Cross Motion for Summary Judgment, the

Maryland Constitution, Article IV, Sections 1, 1A, 14, and 18,

provide that the judicial power of the state is vested in a Court of

       Appeals (and lower courts) and is co-extensive with the limits of the State such that it shall from time to time adopt rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this State.

2. In the exercise of such rules and regulations, the job of the Administrative Office of the Courts ("AOC") in providing the means for determining qualified judges to serve was established.

3. Hence, the AOC, Maryland Judiciary, Court of Appeals, State of Maryland, all are "one" from the state constitutional perspective.

4. The Defendant's insistence on self-identifying with circuit court judges appear to try to "steer" the court and the argument to "make it fit" Title VII's exclusion from the definition of an employee. However, its efforts fail.

5. Each case cited by Defendant, in particular the one cited as direct support, namely, <u>Cromer v. Brown</u>, 88 F.3d 1315 (C.A. 4, 1994), are not applicable here for a simple reason. Title VII's definition of an "employee" excludes persons elected to public office or engaging in policy making, not <u>applicants</u> for a potential appointment. In essence, Plaintiff challenges the process used by the State of Maryland as discriminatory. An

unlawful employment practice has blocked Plaintiff from an employment opportunity in violation of Title VII.

6. Defendant seems to overlook the discriminatory <u>process</u> due to its rush to "point to" something else **if** such process did not exist.[1]

7. Therefore, per the Maryland Constitution, the Plaintiff's decision to sue the State of Maryland via its AOC and Judiciary as "arms of the state" were proper, and his amendment serves principally to bring clarity, not principally to include a defendant that was not already included of necessity, constitutionally speaking.

8. Moreover, this matter of the State of Maryland/Court of Appeals being the Defendant herein is put to rest with the December 2014 letter to the Governor from the AOC [i] bearing the Seal of the State of Maryland and [ii] informing the Chief Judge of the Court of Appeals of its work <u>on behalf</u> of that judicial body. <u>See</u>. Exhibits "A & B" of Cross Motion

9. Concerning Plaintiff not including the Court of Appeals/State of Maryland as a defendant in his EEOC Complaint, that is incorrect again, constitutionally.  Further, in Defendant's own memorandum in support of its motion to dismiss, Exhibit 4:

---

[1] Paragraphs 1-6 are the refutation of Defendant's Title VII argument.  Hence, it was never conceded as Defendant claims on page 4 of its Opposition.

       Attachment "A," the "Charge of Discrimination" is provided. In the section asking for the name of the entity believed to have discriminated against Plaintiff, it states clearly "State or Local Government Agency." In response, the AOC is identified by Plaintiff as the <u>State</u> Agency.[2]

10. Finally, at the end of Defendant's Opposition, it tries to undermine the statistics cited by Plaintiff and the facts in his affidavit. Both attempts are without merit.

11. Attached as Exhibit "B" is more verification by the Office of Communications and Public Affairs, Administrative Office of the Courts, that only two African-Americans have served on the Circuit Court for Anne Arundel County (the e-mail is a response to a public information inquiry by Ms. Jones on behalf of Plaintiff's law office).

12. Procedurally, Plaintiff's affidavit stands inviolate according to the Federal Rules of Civil Procedure. Rule 11(b)(3) provides as follows: **"(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney…

---

[2] Additionally, in the "Equal Employment Opportunity Commission Intake Questionnaire," Plaintiff identified the AOC as an entity of the State. <u>See</u>. Attached "A"

certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;"    HENCE, Plaintiff's affidavit represents facts supported by evidence, some having been provided already by Plaintiff.

LAW

Defendant has devoted its Opposition to [i] providing inapplicable cases or [ii] providing dicta from cases.  However, it has ignored the Maryland Constitution which undermines its argument and Title VII which prohibits deprivation of employment <u>opportunities</u> on the basis of race.   Worst of all, while trying to force its view contrary to the State Constitution, it has failed to "articulate some legitimate, nondiscriminatory, reason" for its actions outlined in Plaintiff's Complaint, namely, it has failed to counter Plaintiff's Cross Motion for Summary Judgment.   With its procedural argument lying lifeless "at the feet" of the Maryland Constitution, it would seem wise to address the substantial legal precedent against the bias action by the State against one of its own officers of the court.   The Defendant has decided to ignore this substantial

matter, and hence, Plaintiff's cross motion for summary judgment should be granted in full.

Finally, Plaintiff's motion to amend should be granted consistent with the facts and law outlined above.[3]  Defendant's statement that there was no memorandum of law with the motion does not prohibit granting it.  Federal Rules of Civil Procedure, Rule 15, does not make a memorandum a condition to filing or granting the motion.  Additionally, the basis for the motion was cited therein, namely Rule 15(a)(2), emphasizing the court freely grant leave to amend when justice so requires.  Regarding justice, the magnitude (i.e., percentage) and decades of exclusion of those in the protected class from opportunities to serve their county on the Circuit Court in Anne Arundel County suggest both removing any obstacles to understanding and remedying this offense to Title VII.

**WHEREFORE,** Plaintiff requests that Defendant's motion to dismiss or for summary judgment be Denied and Plaintiff's cross motion for summary judgment be Granted, awarding all relief outlined in his Complaint.

                                          Respectfully submitted,
                                            /s/   *Rickey Nelson Jones*
                                          Rickey Nelson Jones

---

[3] In further support, Plaintiff hereby incorporates, in its entirety, "Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment & Cross Motion for Summary Judgment."

                                              Law Offices of Reverend Rickey
                                                  Nelson Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: 12088

*Attorney for Plaintiff*