IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICKEY NELSON JONES | : |
| | : |
| v. | : CIVIL NO. CCB-15-3336 |
| | : |
| ADMINISTRATIVE OFFICE OF THE | : |
| COURTS, MARYLAND JUDICIARY | : |

...o0o...

**MEMORANDUM**

In 2014 the plaintiff, Rickey Nelson Jones ("Jones"), an African-American attorney, applied for a position on the Anne Arundel County Circuit Court. He was not recommended to then Governor Martin O'Malley by the Judicial Nominating Commission for District 7, and he was not appointed by the Governor. He filed suit for racial discrimination in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"), naming the Administrative Office of the Courts ("AOC") as a defendant. Subsequently, he sought to amend his complaint to add the Court of Appeals of Maryland as an additional defendant. The State has moved to dismiss and has opposed the amendment. The issues have been fully briefed, and no oral argument is necessary. *See* Local R. 105.6 (D. Md. 2014).

Even assuming Jones were able to identify the correct defendant, his claim must fail because the position he seeks is not protected by Title VII. The statute permits an "employee" to sue his "employer," but exempts from coverage "[1] any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or [2] any person chosen by such officer to be . . . an appointee on the policy making level." 42 U.S.C. § 2000e(f). A Circuit Court judge in Maryland initially is appointed by an elected official, the governor, to a position "on the policy making level." *See Gregory v. Ashcroft*, 501 U.S. 452, 467 (1991) (holding Missouri state judges are appointees on the policy making level); *Birch v. Cuyahoga*

1

*Cty. Probate Court*, 392 F.3d 151, 160 (6th Cir. 2004); *Burgess v. City of Lake City*, 2013 WL 4056315, at * 2 (D.S.C. 2013).  The exemption does not include employees "subject to the civil service laws of a State government," 42 U.S.C. § 2000e(f), but Maryland Circuit Court judges are not subject to the State's civil service laws.  Md. Code Ann., State Pers. & Pens. § 6-301(2); *see also Williams v. Anderson*, 753 F. Supp. 1306, 1310–11 (D. Md. 1990).[1]

Accordingly, it is not necessary to discuss the particular facts of the application process, or to compare Jones's qualifications with those of other candidates.  This court does not dispute the importance of diversity on the bench, but Jones is not entitled to the relief he seeks.

A separate Order follows.


March 16, 2016                                         /S/
Date                                              Catherine C. Blake
                                                  United States District Judge

---

[1] To the extent Mr. Jones's claim relies on the Maryland Fair Employment Practices Act (MFEPA), Md. Code Ann., State Gov't § 20-601 *et seq.*, that argument also falls short.  MFEPA, like Title VII, exempts from coverage elected officials and appointees on the policy making level.  *Id.* § 20-601(c)(2).