## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICKEY NELSON JONES** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 15-CV-03336** |
| | * | |
| **ADMINISTRATIVE OFFICE OF** | * | |
| **THE COURTS, MARYLAND** | * | |
| **JUDICIARY** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, Rickey Nelson Jones, through undersigned counsel, pursuant to Fed. R. Civ. Proc., Rule 60(b)(6), moves for reconsideration of this court's dismissal of his Complaint due to procedural and case-law oversight.   As grounds therefor, he says:

<u>Procedural Oversight</u>

1. On today (3/17/16), Plaintiff received the Court's ORDER and Memorandum dismissing his lawsuit on the basis of the following:

> [T]he position he seeks is not protected by Title VII.  The statute
> permits an 'employee' to sue his 'employer,' but exempts from
> coverage '[1] any person elected to public office in any State or
> political subdivision of any State by the qualified voters thereof,
> or [2] any person chosen by such officer to be . . . an appointee

on the policy making level.  42 U.C.C. Sec. 2000e(f).  A Circuit Court

Judge in Maryland initially is appointed by an elected official, the

governor, to a position 'on the policy making level.'  *See Gregory v.*

*Ashcroft, 501 U.S. 452, 467 (1991) (holding Missouri state judges are*

*appointees on the policy making level); Birch v. Cuyahoga Cty.*

*Probate Court, 392 F.3d 151, 160 (6th Cir. 2004); Burgess v. City of Lake*

*City, 2013 WL 4056315, at \*2(D.S.C. 2013)."*

The Court believes that Plaintiff is "employed by an employer" per 42 U.S.C.

2000e(f).   This overlooks the correct status of Plaintiff.

2. Plaintiff is not, nor ever has been, an employee of the State of

Maryland/Maryland Judiciary/Court of Appeals.   Hence, it is impossible for

Title VII to exclude the protections Congress has granted him.

3. Congress, pursuant to 42 U.S.C. Sec. 2000e-2(a), granted "applicants

for employment" the right to not be deprived on the basis of race.  This often

means, as herein, **non**-employees at the time of applying.

4. The fact that the position applied for is exempt from Title VII

protection is not identical to depriving an applicant for such position of its

protections.   The Court seems to make them one and the same.  They are not.

5. Further, Plaintiff's lawsuit is not against a judge.  It is against the State

of Maryland due to the statistically indisputable disparate impact, harshly

excluding those in the protected class (like Plaintiff).

6. 42 U.S.C. 2000e-2(a) does not state, anywhere, that a non-employee applicant loses his or her rights to be free from unlawful employment practices on the basis of race because the job sought is exempt from Title VII Protection. This is an interpretation without statutory support.  If the court is correct, then something has been added to Title VII that does not exist explicitly or implicitly, and a major counter to the purpose behind Title VII has arisen.

7. As the United State Supreme Court has said, "The objective of Congress in the enactment of Title VII is plain from the language of the statute. It was to achieve equality of employment opportunities and remove barriers that have operated in the past to favor an identifiable group of white employees over other employees."  Griggs v. Duke Power Company, 401 U.S. 424, 430 (1971). To maintain that a non-employee applicant is encompassed in the Title VII definition of "employee," preventing the non-employee from proving statistically blatant discrimination, undermines the objective of Title VII significantly since the barrier of exclusion on the basis of race remains.

Case Law Oversight

8. The established cases cited by the court are factually different from Plaintiff's case, and the factual difference is critical in revealing the statutory properness of Plaintiff's lawsuit.  Gregory v. Ashcroft, 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991) concerns sitting judges seeking relief; Birch v. Cuyahoga Cty. Probate Court, 393 F.3d 151 (6th Cir., 2004) concerns a sitting

magistrate judge seeking relief from the Presiding Probate Judge who hired her. The Plaintiffs in the cases cited had an employer/employee relationship with the State and fell under Title VII's exemption.  Plaintiff has no such relationship.

9. The principal case herein is <u>International Brotherhood of Teamsters v. United States Inc. v. United States,</u> 431 U.S. 324, 97 S.Ct. 1843, 52 L.#d2d 396 (1977) since it directly addresses facially neutral employment practices which fall more harshly on one group than another.   The statistics in that case which supported the Plaintiffs are "better" than the statistics Plaintiff has presented to this court regarding Maryland's judicial nominating process.  In essence, it is without dispute that the Maryland process reflects disparate impact, excluding African Americans in violation of Title VII.[1]

10. Granted, the United States Supreme Court has not addressed, yet, the protection Title VII affords non-employee applicants for positions which are exempt from Title VII protection.  However, Congress has given us clear direction, via the Equal Employment Opportunity Commission, about Title VII. It said that the Act serves "to confer jurisdiction upon the district courts of the United States to provide injunctive relief against discrimination… to establish a Commission on Equal Employment Opportunity, and other purposes."     <u>See</u>.

---

[1] In further support, Plaintiff hereby incorporates, in its entirety, "Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment & Cross Motion for Summary Judgment."

U.S. Equal Employment Opportunity Commission, Laws, Regulations,

Guidance & MOUs, "An Act"

   **WHEREFORE,** Plaintiff requests that the court vacate its dismissal of

Plaintiff's case and grant Plaintiff's cross motion for summary judgment.

<div style="margin-left: 50%;">

Respectfully submitted,

   /s/   *Rickey Nelson Jones*

Rickey Nelson Jones

Law Offices of Reverend Rickey

   Nelson Jones, Esquire

3rd Floor – Suite 5

1701 Madison Avenue

Baltimore, Maryland 21217

410-462-5800

Bar #: 12088

*Attorney for Plaintiff*

</div>